**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| REYNA ÁNGELES ACOSTA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Action No. 4:26-cv-03930** |
| | § | |
| MENESES LAW, PLLC ET AL., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |
| | § | |

---

**PLAINTIFF'S MOTION TO CONTINUE THE INITIAL PRETRIAL AND
SCHEDULING CONFERENCE SET FOR JUNE 22, 2026**

Plaintiff Reyna Ángeles Acosta respectfully moves the Court, pursuant to Federal Rules of Civil Procedure 1 and 16 and the Court's inherent authority to manage its docket, to continue the initial pretrial and scheduling conference currently set for June 22, 2026, at 8:45 a.m. (Dkt. 3) for a period of at least sixty (60) days, and to reset the conference to the first date convenient for the Court on or after August 21, 2026. In support, Plaintiff respectfully shows the following.

## I. INTRODUCTION

As of the date of this motion, no Defendant has been served with process, no Defendant has filed an appearance in this matter through counsel, and no Defendant has answered or otherwise responded to the Complaint. There is therefore no opposing party with whom Plaintiff can conduct the conference of the parties required by Rule 26(f) or with whom Plaintiff can prepare the joint discovery/case management plan that the Court's Order requires that has filed an appearance in the matter. Conducting the June 22 conference under these circumstances would not meaningfully advance the case and would require the Court and Plaintiff to expend resources on a conference that cannot accomplish its intended purposes. A limited continuance will permit service to be completed within the period prescribed by Rule 4(m), allow any then

served Defendant time to officially appear and respond, and permit the parties to confer meaningfully before the conference after a response has been filed. The request is limited and is made to promote the orderly and efficient management of this action, not for delay. Plaintiff does not seek to extend the deadline for service of process under Rule 4(m).

## II. PROCEDURAL BACKGROUND

1. Plaintiff filed her Class Action Complaint on May 16, 2026. (Dkt. 1.) The Complaint names five Defendants: Meneses Law, PLLC; Meneses Enterprises, LLC; Frances Christine Meneses; Julio Carlos Meneses; and Robert Victor Torrey. (Id.)

2. On May 22, 2026, the Court entered its Order for Conference and Disclosure of Interested Parties. (Dkt. 3.) The Order sets an initial pretrial and scheduling conference before the Honorable Kenneth M. Hoyt on June 22, 2026, at 8:45 a.m., to be held by telephone. (Id.)

3. The Order directs that, after the parties confer as required by Rule 26(f), counsel shall prepare and file, *not less than ten (10) days before* the conference, a joint discovery/case management plan. (Id.) The joint discovery/case management plan would therefore have been due on June 12, 2026.

4. The Order further recites that Rule 4(m) requires that Defendants be served within 90 days after the filing of the complaint. (Id.)

5. Measured from the May 16, 2026 filing date, the 90-day period under Rule 4(m) expires on August 14, 2026.

6. To date, no Defendant has been served, no proof of service has been filed, no Defendant has filed an appearance in this matter through counsel, and no Defendant has answered or filed a motion under Rule 12.

7. Because no Defendant has appeared in this matter and no answer or response has been filed, no joint discovery/case management plan can presently be prepared, and no scheduling or docket-control order has been entered.

## III. LEGAL STANDARD

A district court possesses broad authority to manage its own docket. That authority is "incidental to the power inherent in every court to control the disposition of the causes on its

docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Fifth Circuit likewise recognizes that "a district judge has broad discretion in managing his docket." *Sims v. ANR Freight Sys., Inc.*, 77 F.3d 846, 849 (5th Cir. 1996). The Federal Rules are to be construed to secure "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The initial pretrial and scheduling conference exists to establish early case management and an orderly discovery framework. Fed. R. Civ. P. 16(b). Judge Hoyt's Court Procedures provide that requests for continuances are addressed to the Court's discretion. Hoyt Court Procedures § III.A.

## IV.  ARGUMENT

### A.    There is presently no opposing party with whom Plaintiff can conduct the Rule 26(f) conference or prepare the required joint plan.

Rule 26(f)(1) requires the parties to confer "as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). A conference of the parties necessarily presupposes that an opposing party exists and has filed an appearance in the matter. Because no Defendant has been served or filed an appearance, Plaintiff cannot prepare the joint discovery/case management plan the Court's Order requires to be filed *not less than ten days before the conference*. (Dkt. 3.) Relatedly, no party may seek discovery before the Rule 26(f) conference, Fed. R. Civ. P. 26(d)(1), and the period for the Court to enter a scheduling order under Rule 16(b)(2), the earlier of 90 days after any defendant has been served or 60 days after any defendant has appeared, has not begun to run, because no Defendant has been served or has filed an appearance in this matter.

### B.   Good cause and practical necessity support a limited continuance.

The purposes of the June 22 conference, entry of a scheduling order, adoption of a discovery plan, and discussion of alternative dispute resolution and settlement, depend upon the participation of an opposing party. With no Defendant served, no appearance having been filed and no response yet presented to the complaint, the conference cannot accomplish those purposes and would require the Court and Plaintiff to expend time and resources on a proceeding that cannot fully serve its function. See *Landis*, 299 U.S. at 254. A continuance of at least sixty days, resetting the conference to a date on or after August 21, 2026, would allow Plaintiff to complete

service within the Rule 4(m) period (which expires August 14, 2026), allow any served Defendant the time afforded by Rule 12(a)(1)(A)(i) to respond, and give the parties a reasonable opportunity to confer regarding the pleadings, initial procedural issues, discovery, scheduling, settlement, and the joint plan at least 10 days before the conference as required. A reset within this range remains within the time contemplated by Local Rule 16.1 for the initial pretrial conference, which, measured from the May 16, 2026 filing date, runs through approximately October 3, 2026.

**C.  No party will be prejudiced by the requested continuance.**

No Defendant has filed an appearance, and this motion is filed before the scheduled conference. No adverse party will be prejudiced by a limited continuance. To the contrary, resetting the conference protects the interests of any later-served Defendant by affording an opportunity to file an appearance and participate before the Court enters a scheduling order. The requested continuance is limited in duration and is sought to promote efficient case management, not delay. Fed. R. Civ. P. 1.

**D.  The requested continuance does not extend the Rule 4(m) service deadline.**

Plaintiff seeks only to continue the conference. This motion does not request, and should not be construed to request, any extension of the deadline for service of process under Rule 4(m). Plaintiff intends to complete service within the time prescribed by Rule 4(m).

## V.  CONCLUSION AND REQUESTED RELIEF

For these reasons, Plaintiff respectfully requests that the Court: (1) continue the initial pretrial and scheduling conference currently set for June 22, 2026 by at least sixty (60) days; (2) reset the conference to the first date convenient for the Court on or after August 21, 2026; and (3) to the extent convenient for the Court, select a date that affords the parties sufficient time after service, appearance, and the first responsive pleading to conduct their Rule 26(f) conference and prepare the joint discovery/case management plan at least ten (10) days before the confrence. Plaintiff further requests such other and further relief to which she may be justly entitled.

Dated: June 15, 2026

Respectfully submitted,

**AVANTI LAW GROUP, PLLC**

By: /s/ *Robert Anthony Alvarez, Sr.*

_____

Robert Anthony Alvarez, Sr.
Attorney-in-Charge for Plaintiff
Michigan Bar No. P66954
Fed. Bar No. 3961057
Avanti Law Group, PLLC
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

Jonathon A. Muñoz
Law Nerd LLC
Fed. Bar No. 3933549
Texas Bar No. 24124571
2112 S. Shary Rd., Ste. 13
Mission, Texas 78572
lawnerdllc@gmail.com
**Attorneys for Plaintiff and the Proposed Class**

**CERTIFICATE OF CONFERENCE**

Pursuant to Judge Hoyt's Court Procedures § VI.C and Local Rule 7.1, the undersigned certifies that no Defendant has been served with process or filed an appearance in this action, and there is presently no opposing counsel of record with whom Plaintiff could confer regarding the relief requested in this motion.

/s/ *Robert Anthony Alvarez, Sr.*
Robert Anthony Alvarez, Sr.

**CERTIFICATE OF SERVICE**

I certify that on June 15, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. No Defendant having yet filed an appearance in this action, no service through the CM/ECF system is required at this time. Plaintiff will serve a copy of this motion, together with the summons, complaint, and the Court's Order for Conference, upon each Defendant in accordance with Federal Rule of Civil Procedure 4, or by other means authorized by the Federal Rules.

/s/ *Robert Anthony Alvarez, Sr.*
Robert Anthony Alvarez, Sr.