IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REYNA ANGELES ACOSTA, ET AL., | § | |
| | § | |
| *Plaintiffs*, | § | |
| V. | § | CIVIL ACTION NO. 4:26-cv-03930 |
| | § | |
| MENESES LAW FIRM, PLLC, ET AL., | § | |
| | § | |
| *Defendants*. | § | |

**MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' FIRST AMENDED COMPLAINT UNDER RULES 9(b) & 12(b)(6)**

Edwin Sullivan
State Bar No. 24003024
S.D. Texas No. 24524
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile
mark@osattorneys.com – Email
ed@osattorneys.com – Email

ATTORNEY-IN-CHARGE FOR DEFENDANTS ROBERT VICTOR TORREY, RACHEL VICTORIA ROBERTSON, ROSEKATE AMARACHI IBE, DONALD WAYNE JENKINS, PERPETUA SOCORRO SALVATUS-GUERRERO, AND DIANA ALFONSO

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. NATURE AND STAGE OF PROCEEDING ..... 1

III. ISSUES REQUIRING RESOLUTION ..... 2

IV. SUMMARY OF THE ARGUMENT ..... 2

V. ARGUMENT AND AUTHORITIES ..... 4

A. Plaintiffs' attempt to alter the label of their claims still requires dismissal under Texas anti-fracturing rule—this Court should dismiss Counts II and IV. ..... 5

B. The RICO conspiracy claim (Count IV) must be dismissed for a lack of supporting factual allegations. ..... 7

C. The Court should strike and dismiss all class-action allegations—including the classes without representatives. ..... 9

D. Summary judgment is appropriate to Barrera Ramirez. ..... 13

VI. CONCLUSION ..... 14

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 4

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 4, 9

*Causey v. Sewell Cadillac-Chevrolet, Inc.*,
394 F.3d 285 (5th Cir. 2004) .......... 13

*Chaney v. Dreyfus Serv. Corp.*,
595 F.3d 219 (5th Cir. 2010) .......... 7, 9

*Conrad v. General Motors Acceptance Corp.*,
283 F.R.D. 326 (N.D. Tex. 2012) .......... 12

*Craig v. Martin*,
49 F.4th 404 (5th Cir. 2022) .......... 13

*Croswell v. Martinez*,
120 F.4th 177 (5th Cir. 2024) .......... 9

*Cuvillier v. Taylor*,
503 F.3d 397 (5th Cir. 2007) .......... 4

*Davis-Lynch, Inc. v. Moreno*,
667 F.3d 539 (5th Cir. 2012) .......... 8

*Duerr v. Brown*,
262 S.W.3d 63 (Tex. App.—Houston [14th Dist.] 2008, no pet.) .......... 5

*Elson v. Black*,
56 F.4th 1002 (5th Cir. 2023) .......... 3, 4, 9

*Farmers Tex. Cnty. Mut. Ins. Co. v. 1st Choice Acc. & Inj. LLC*,
Civil Action No. 4:22-CV-02061, 2024 WL 1308145 (S.D. Tex. Mar. 27, 2024), *aff'd* 168 F.4th 271 (5th Cir. 2026) .......... 7

*Gene And Gene LLC v. BioPay LLC*,
541 F.3d 318 (5th Cir. 2008) .......... 12

*Hershey v. Energy Transfer Partners, L.P.*,
610 F.3d 239 (5th Cir. 2010) .......... 4

*Hirsch v. USHealth Advisors, LLC*,
337 F.R.D. 118 (N.D. Tex. 2020) .......... 12

*Hodge v. Engleman*,
90 F.4th 840 (5th Cir. 2024) .......... 13

*John v. National Sec. Fire & Cas. Co.*,
501 F.3d 443 (5th Cir. 2007) .......... 5

*Kane Enterprises v. MacGregor (USA) Inc.*,
322 F.3d 371 (5th Cir. 2003) .......... 4

*Murphy v. Gruber*,
241 S.W.3d 689 (Tex. App.—Dallas 2007, pet. denied) .......... 7

*Pitts v. Rivas*,
709 S.W.3d 517 (Tex. 2025) .......... 5, 6

*Reves v. Ernst & Young*,
507 U.S. 170 (1993) .......... 8

*Scott v. Harris*,
550 U.S. 372 (2007) .......... 13

*Snow Ingredients, Inc. v. SnoWizard, Inc.*,
833 F.3d 512 (5th Cir. 2016) .......... 9

*Southland Secs. Corp. v. INSpire Ins. Sols., Inc.*,
365 F.3d 353 (5th Cir. 2004) .......... 4

*Stallworth v. Ayers*,
510 S.W.3d 187 (Tex. App.—Houston [1st Dist.] 2016, no pet.) .......... 5

*Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*,
975 F.2d 1134 (5th Cir. 1992) .......... 7

*Tyson Foods, Inc. v. Bouaphakeo*,
577 U.S. 442 (2016) .......... 11

*United States v. Elliott*,
571 F.2d 880 (5th Cir. 1978) .......... 7

*United States v. Sharpe*,
193 F.3d 852 (5th Cir. 1999) .......... 7

*Walker v. Beaumont Indep. Sch. Dist.*,
938 F.3d 724 (5th Cir. 2019) .......... 4

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ... 12

**Statutes**

18 U.S.C. § 1962(d) ... 2

**Rules**

FED. R. CIV. P. 7(b) ... 1

FED. R. CIV. P. 9(b) ... 1, 3, 8

FED. R. CIV. P. 12(b)(6) ... 1, 2, 4, 9, 14

FED. R. CIV. P. 12(f) ... 2, 3, 4, 14

FED. R. CIV. P. 23(b)(3) ... 10

FED. R. CIV. P. 23(c)(4) ... 10

FED. R. CIV. P. 23(d)(1)(D) ... 4, 14

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REYNA ANGELES ACOSTA, ET AL., | § | |
| *Plaintiffs*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:26-cv-03930 |
| | § | |
| MENESES LAW FIRM, PLLC, ET AL., | § | |
| | § | |
| *Defendants*. | § | |

**MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' FIRST AMENDED COMPLAINT UNDER RULES 9(b) & 12(b)(6)**

Defendants Robert Victor Torrey, Rachel Victoria Robertson, Rosekate Amarachi Ibe, Donald Wayne Jenkins, Perpetua Socorro Salvatus-Guerrero, and Diana Alfonso, (collectively, "Defendants") move to partially dismiss Plaintiffs' First Amended Complaint (Doc. 10) under FED. R. CIV. P. 9(b) and 12(b)(6).

## I. INTRODUCTION

Defendants in this pleading will make the same arguments raised by the other defendants in this lawsuit when they moved to dismiss the amended lawsuit on or about August 3, 2026. (Doc. 14). The facts and arguments are repeated to maintain compliance with FED. R. CIV. P. 7(b). The only significant differences relate to the fact that Plaintiffs do not bring Counts III and V against these Defendants.

## II. NATURE AND STAGE OF PROCEEDING

The case is in the initial pleading stage. Defendants are current and former employees of co-defendant Meneses Law. Five of them, Torrey, Robertson, Ibe, Jenkins, and Salvatus-Guerrero, are attorneys. (Doc. 10 at ¶¶ 29-33). Alfonso is a not an attorney. (Doc. 10 at ¶¶ 34).

Plaintiffs bring the following claims against the Defendants filing this motion:

- Count I (Breach of Fiduciary and Fee Forfeiture) (against all Defendants except Alfonso) (Doc. 10 at ¶¶ 168-205).
- Count II (Knowing Participation in Breach of Fiduciary Duty) (only against Defendant Alfonso) (Doc. 10 at ¶¶ 206-212).
- Count IV (Rico Conspiracy Under 18 U.S.C. § 1962(d)) (against all Defendants) (Doc. 10 at ¶¶ 226-237).

The remaining counts were brought against other Defendants. Plaintiffs here also seek to certify unascertainable and legally invalid classes and subclasses of clients.

## III. ISSUES REQUIRING RESOLUTION

Whether Plaintiff has sufficiently pleaded Counts II and IV against Defendants.

## IV. SUMMARY OF THE ARGUMENT

If Plaintiffs want to sue Meneses Law or its attorneys for malpractice, they are free to do so. Instead of suing for malpractice, Plaintiffs lit up a Christmas tree of various legal allegations and theories that are subject to summary dismissal. Defendants ask this Court to dismiss under Rules 12(b)(6) and 12(f) all claims except for Count I *only against* the Attorney Defendants Torrey, Robertson, Ibe, Jenkins, and Salvatus-Guerrero, which is a legal malpractice claim despite styled as a "breach of fiduciary duty."

First, concerning both Counts I and II, under Texas law's anti-fracturing doctrine, Plaintiffs cannot restyle a legal malpractice claim as other causes of action. Based on the factual allegations and the remedy Plaintiffs seek (fee forfeiture), their claim is one for legal malpractice. That claim can only be brought against attorneys. Plaintiffs try to avoid this straightforward result by titling their theory as a "breach of loyalty," but a label cannot change the thrust of their factual allegations: that they did not receive adequate representation. Thus, this Court must dismiss Plaintiffs' (a) breach of fiduciary duty claim against Defendants Torrey, Robertson, Ibe, Jenkins, and Salvatus-

Guerrero, (b) knowing participation in breach of fiduciary duty against non-attorney Defendant Alfonso.

Second, as for Count IV, Plaintiffs' civil RICO conspiracy claim fails on the pleadings. They present no factual allegations of an agreement to engage in a civil RICO conspiracy—only a conclusory recitation of the legal elements. They have not and cannot allege a pattern of predicate acts by any of these Defendants. They have no allegations of a sufficiently direct injury. And their allegations of mail fraud and wire fraud must satisfy Rule 9(b)'s elevated pleading requirements. They do not. The Court should dismiss the civil RICO conspiracy claim.

Third, and finally, this Court should dismiss the class action allegations under Rule 12(f) and Rule 23(d)(1)(D). District courts may dismiss purported class actions on the pleadings when it is apparent from the pleadings that the class action cannot be maintained. *Elson v. Black*, 56 F.4th 1002, 1006 (5th Cir. 2023) ("Plaintiffs' class pleadings were deficient as a matter of law"). The same is true here. For the only theoretically viable claim of legal malpractice, individualized issues regarding breach, including disclosure and consent, necessarily predominate. Plaintiffs allege that attorneys neglected them, did not disclose certain legal nuances to them, did not accurately describe their experiences in their declarations, and did not obtain their meaningful consent on their declarations. There is no way to determine on a class-wide basis whether other clients' experiences were similar without having hundreds of mini-trials about each client's conversations, sworn declarations, and interactions with the attorneys and staff. Through creative pleading, Plaintiffs try to, but cannot, avoid this result. The Court should dismiss any allegations concerning a purported class or subclass.

## V. ARGUMENT AND AUTHORITIES

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must therefore contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

When reviewing a Rule 12(b)(6) motion to dismiss, the Court "must accept all well-pleaded facts as true." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). But the Court does not accept as true "conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Secs. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004); *see also Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245-46 (5th Cir. 2010) ("[a] court should not accept "'threadbare recitals of a cause of action's elements, supported by mere conclusory statements,' which 'do not permit the court to infer more than the mere possibility of misconduct'" (quoting *Twombly*, 550 U.S. at 556).

Finally, for a Rule 12(b)(6) challenge, the Court may also consider any exhibits attached to the complaint and matters of public record. *Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) (internal citation omitted).

Under Rule 12(f) and Rule 23(d)(1)(D), a district court has discretion to strike and dismiss class-action allegations on a defendant's motion when it is "apparent from the complaint that a class action cannot be maintained." *Elson*, 56 F.4th at 1006 ("[d]istrict courts are permitted to make

such determinations on the pleadings and before discovery is complete when it is apparent from the complaint that a class action cannot be maintained") (citing *John v. National Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007)).

**A. Plaintiffs' attempt to alter the label of their claims still requires dismissal under Texas anti-fracturing rule—this Court should dismiss Counts II and IV.**

"Texas law does not permit a client to divide or fracture his legal malpractice claim into additional causes of action." *Stallworth v. Ayers*, 510 S.W.3d 187, 190 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (internal citation omitted). Under this anti-fracturing doctrine, "plaintiffs in professional negligence cases may not convert 'what are really negligence claims' into other claims such as fraud, breach of contract, or *breach of fiduciary duty* in order to gain a litigation advantage." *Pitts v. Rivas*, 709 S.W.3d 517, 523 (Tex. 2025) (emphasis added).

"If the gist of a client's complaint is that the attorney did not exercise that degree of care, skill, or diligence as attorneys of ordinary skill and knowledge commonly possess, then that complaint should be pursued as a negligence claim, rather than some other claim." *Stallworth*, 510 S.W.3d at 190 (quotation omitted). The Texas Supreme Court has held that "[o]verstating one's professional competence is a classic example of malpractice." *Pitts*, 709 S.W.3d at 527. An "alleged failure to timely disclose [one's] errors does not extend 'beyond what traditionally has been characterized as [professional] malpractice.'" *Id.* (quoting *Duerr v. Brown*, 262 S.W.3d 63, 70 (Tex. App.—Houston [14th Dist.] 2008, no pet.)).

In *Pitts*, the Texas Supreme Court applied the anti-fracturing rule and dismissed a plaintiff's fraud claims against the plaintiff's accountant because those claims "must [] be treated as" accounting malpractice claims. *Id.* There, the plaintiff's business collapsed after his accountant's errors led to an overpayment of taxes and loss of applicable tax credits. *Id.* at 526. The plaintiff alleged that the defendant "misrepresented that he and his staff were proficient with"

an accounting software prior to entering the engagement agreement. *Id.*

The Court held that the gravamen of the claims was "serious allegations of professional misconduct," namely, that the accountant knew he was incompetent, proceeded anyway, failed to confess mistakes or other material facts, and tried to conceal them after their mistakes were revealed. *Id.* at 527. The Court further noted that the plaintiff's alleged harms all "stemmed from the accounting errors themselves, not from any alleged misrepresentations associated with them." *Id.* Ultimately, the Court concluded that the plaintiff could not recast professional negligence claims as other torts and held that the court should treat them as ones for malpractice. *Id.* at 527-28.

Just like the claims in *Pitts*, the gravamen of Plaintiffs' amended complaint is truly a professional negligence claim. Plaintiffs' state law and RICO claims are based on representations from Meneses Law that it would competently represent them in immigration proceedings and disclose relevant information necessary to provide sufficient legal services. (Doc. 10 at ¶¶ 168-73). *Pitts* specifically held that an "alleged failure to timely disclose" purported errors or material information is the precise type of claim traditionally "characterized as [professional] malpractice." 709 S.W.3d at 527 (internal quotation omitted).

Although Plaintiffs try to allege harms by asserting that their claim is not based on "the quality of any legal work performed," (Doc. 10 at ¶ 170, ¶ 199), they assert that the claims arise from Meneses Law's supposed failures to disclose material information during the engagement—the core of their claims is that Meneses Law's attorneys did not provide competent legal services or any guidance in their cases. (Doc. 10 at ¶ 187(g) (filing petitions with USCIS "*without any attorney reviewing the petitions and supporting documents with each client*")) (emphasis added). By pleading a fee forfeiture claim, Plaintiffs admit that "[t]he focus of the inquiry is on *the gravity of*

*the attorney's breach*." (Doc. 10 at ¶ 190) (emphasis added). The crux of Plaintiffs' state law claims are malpractice or professional negligence claims: that Meneses Law and its attorneys "improperly represent[ed] the[ir] client[s]." *Murphy v. Gruber*, 241 S.W.3d 689, 692-93 (Tex. App.—Dallas 2007, pet. denied); *see also id.* at 694 (collecting cases dismissing various DTPA, breach of fiduciary duty, and fraud claims under anti-fracturing rule).

Thus, this Court should dismiss all claims except for Count I and treat Count I as a professional negligence claim against Meneses Law and the attorney Defendants.

## B. The RICO conspiracy claim (Count IV) must be dismissed for a lack of supporting factual allegations.

For a RICO conspiracy under § 1962(d), a plaintiff must plead allegations showing "(1) that two or more people agreed to commit a substantive RICO offense and (2) that [each RICO conspirator] knew of and agreed to the overall objective of the RICO offense." *United States v. Sharpe*, 193 F.3d 852, 869 (5th Cir. 1999) (internal citation omitted). RICO conspiracy does not "punish mere association with conspirators or knowledge of illegal activity[.]" *United States v. Elliott*, 571 F.2d 880, 903 (5th Cir. 1978); *accord Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 239 (5th Cir. 2010). Nor does it punish familial or business relationships. *Farmers Tex. Cnty. Mut. Ins. Co. v. 1st Choice Acc. & Inj. LLC*, Civil Action No. 4:22-CV-02061, 2024 WL 1308145 at *1 (S.D. Tex. Mar. 27, 2024), *aff'd* 168 F.4th 271 (5th Cir. 2026) (affirming dismissal of RICO allegations where only allegations against some parties were that of a familial relationship and participation in the family business). Instead, a complaint must specifically allege an agreement to commit predicate acts of racketeering. *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1140-41 (5th Cir. 1992) (dismissing RICO conspiracy claim).

Plaintiffs' Amended Complaint does not establish facts supporting a RICO conspiracy. (Doc. 10 at ¶¶ 226-237). It does not establish that any Defendant agreed to commit a substantive

RICO offense with anyone else or agreed to the overall objective of a RICO offense. Plaintiffs merely claim in a conclusory manner that each defendant knew of and agreed to the overall objective of the RICO offense. (Doc. 10 at ¶ 227). That is a recitation of the legal requirements, not factual allegations.

Plaintiffs' complaint does not demonstrate that anyone committed a substantive RICO offense. They have not and cannot allege a pattern of predicate *acts* of racketeering by any of the Defendants. They have no allegations of a sufficiently direct injury. And, to the extent that they allege Defendants engaged in mail or wire fraud, they must satisfy Rule 9(b)'s elevated pleading requirements, which they do not meet.

The predicate acts must be committed as part of directing or conducting the enterprise's affairs. *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). An individual who does not "participate[] in the operation or management of the enterprise itself" cannot qualify as a RICO person, even if they committed a predicate act. *Id.* at 183. Thus, no Defendant here committed any RICO violation.

Moreover, Plaintiffs make no factual allegations suggesting that any of the Defendants "participated in the operation or management of the enterprise itself," *Reves*, 507 U.S. 170 at 183, as opposed to being an employed attorney or paraprofessional providing legal services at the firm. Said differently, Plaintiffs make no allegations that Defendants are anything other than an ordinary line lawyers or employees working at Meneses Law. Plaintiffs do not allege that they have any management authority, decision-making power, or exercises discretion in how to conduct the affairs of the firm. *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 551 (5th Cir. 2012) (requiring showing of "control over the enterprise to embezzle funds" to satisfy *Reves* standard).

The specific factual allegations against each individual defendant do not support any

agreement to commit predicate acts of racketeering. The allegations are listed at Doc. 10 at ¶¶ 229-232, and they basically allege each Defendant supplied a certification (or interpreted certification) either without a review or contrary to a client's expressed wish.

None of these allegations constitute an agreement by any of the Defendants or anyone else to commit a RICO offense or to an alleged overall RICO objective. Instead, at best, Plaintiffs only "place[] the defendant[s] in a climate of activity that reeks of something foul[,]" which the Fifth Circuit has held is insufficient. *Chaney*, 595 F.3d at 239 (cleaned up). The act of signing the preparer certification does not support the existence of *an agreement with someone else* to commit visa fraud or mail fraud. *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 526 (5th Cir. 2016) (civil RICO conspiracy "requires an actual agreement between conspirators—they must specifically intend the illegal conduct").

The only facts alleged describe individual defendants acting on their own. Conclusory assertions that parties are conspiring together for an illegal purpose are insufficient. *Croswell v. Martinez*, 120 F.4th 177, 184-85 (5th Cir. 2024) (holding that RICO claims should not be based on general or conclusory allegations); *Twombly*, 550 U.S. at 556-57 (applying Rule 12(b)(6) standard to allegations of civil conspiracies under federal law). This Court should dismiss the RICO claims under §§ 1962(c) & (d) due to Plaintiffs' failure to allege plausible facts showing they are entitled to relief under RICO.

### C. The Court should strike and dismiss all class-action allegations—including the classes without representatives.

The Fifth Circuit has recently reaffirmed that district courts have discretion to strike and dismiss class-action allegations when the complaint facially demonstrates that the class action is defective. *Elson*, 56 F.4th at 1007. The Court should exercise its discretion to do so here.

A purported class action must satisfy Rule 23(a) and one of the avenues under Rule 23(b).

Plaintiffs allege the class qualifies under Rule 23(b)(3), which requires that common questions of law and fact predominate over individual fact questions and that the class action is a superior procedure for a fair and efficient adjudication. FED. R. CIV. P. 23(b)(3); (Doc. 10 at ¶¶ 155-66). In the alternative, Plaintiffs ask for "issue certification" under Rule 23(c)(4). (Doc. 10 at ¶ 167). The thrust of their claims and the "common questions" that Plaintiffs identify in their amended complaint doom their class action from the outset.[1]

The only technically viable claim is legal malpractice against their attorneys (pleaded as breach of fiduciary duty in Count I).[2] That claim is necessarily not amenable to class treatment, as Plaintiffs' own pleadings demonstrate. They allege that they never spoke to an attorney, that the declarations they ultimately signed were inaccurate, and that Defendants rushed them into signing electronically, without the benefit of a Spanish translation, on calls taken while at work or with no opportunity for review. (Doc. 10 at ¶¶ 99-100, 103-05, 107-09, 111-14, 116-20). As a result, Plaintiffs say the process by which Defendants handled their cases included the concealment of VAWA, the non-attorney intake, the fabricated declaration, the unauthorized signature, the absence of attorney review, and the file withholding support a breach of fiduciary duty. (Doc. 10 at ¶ 172).

Plaintiffs suggest this theory is amenable to class treatment because it does not "depend on whether any *individual VAWA filing* was meritorious." (Doc. 10 at ¶ 1) (emphasis added). Plaintiffs

---

[1] Defendants reserve all rights and arguments to be made at class certification stage based on other latent and obvious defects arising from Plaintiffs' class-action allegations: including, but not limited to, the existence of irreconcilable conflicts between the named representatives, the proposed classes and subclasses, and each other.

[2] As for Count IV (Rico conspiracy), because Plaintiffs do not allege a viable RICO conspiracy for the reasons discussed above, they cannot pursue a class action for such a claim.

miss the fundamental problem: Whether each individual class member's *breach of fiduciary duty/legal malpractice claim* is meritorious is not amenable to class treatment.

Whether the attorneys met their duty to a client depends on their particular communications with that client. The class action device does not merely require a common question, like "Did an attorney violate their fiduciary duty?" Rather, it requires that a court can answer the common question with the same, class-wide evidence: "where 'the same evidence will suffice for each Member to make a prima facia showing [or] the issue is susceptible to generalized, class-wide proof.'" *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016). If members of a proposed class "will need to present evidence that varies from member to member" on a fact question, then that question is not a common question. *Id.* Through this lens, Plaintiffs have not alleged common questions, but individual ones.

Plaintiffs' alleged "common questions" require inquiry into actual conversations and communications with each client, the particular facts in their declarations, and each attorney's involvement in the representation. That evidence will vary from client to client. Whether "creative writers fabricated, exaggerated, or recharacterized facts" in declarations depends upon what each client told attorneys or staff, and what ended up in final declarations for each client. (Doc. 10 at ¶ 147(h)). Each client's situation is fact-specific, and a court cannot answer the question with generalized, class-wide proof. Whether "client signatures were obtained through rushed electronic signing without meaningful review" depends upon the individualized circumstances of each client signing their declaration. (Doc. 10 at ¶ 147(i))). Whether "Defendants copied, pasted, or digitized client signatures without specific authorization" depends on whether Defendants obtained authorization in each instance for each client. (Doc. 10 at ¶ 147(j)). The same is true regarding whether an attorney conducted any client interviews, reviewed a client's declaration for accuracy,

whether the petition preparer actually read the application to a client in their native language, and whether the preparer obtained verification of the truth of the answers. (Doc. 10 at ¶ 147(k)-(o)).

Plaintiffs' proposed attorney-based subclasses suffer from the same problems. Their "harm-based" subclasses further underscore that individualized questions predominate. (Doc. 10 at ¶ 143). Whether a client's signature on a document was unauthorized depends on the particular facts about the client's knowledge of the contents of the document and consent to signing. Plaintiffs allege specific factual circumstances surrounding their authorization of the declarations, but the variety of circumstances in which consent was given (or not) are as numerous as the potential class. *Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 328-29 (5th Cir. 2008) (rejecting class treatment when there was no class-wide proof available to establish whether consent existed for each class member); *see also Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 130 (N.D. Tex. 2020) ("Other class member's consent will have their own story—defying any generalized proof"); *Conrad v. General Motors Acceptance Corp.*, 283 F.R.D. 326, 330 (N.D. Tex. 2012) (denying certification when consent could have been given in a variety of ways and could have been withdrawn and re-granted over the course of business with defendant). Whether a file request was withheld based "on pretextual requirements" involves an unascertainable class with an individualized analysis of the discrete reason given to any client for delaying or refusing a file request and whether it was pretextual. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 352 (2011) ("Here respondents wish to sue about literally millions of employment decisions at once. Without some glue holding the alleged *reasons* for all those decisions together, it will be impossible to say that examination of all the class members' claims for relief will produce a common answer to the crucial question *why was I disfavored.*") (emphasis added). These alleged harms are not susceptible to class-wide proof and

class-action treatment.

### D. Summary judgment is appropriate to Barrera Ramirez.

The Fifth Circuit has routinely held that a district court may convert a motion to dismiss to a motion for summary judgment if it could dismiss the complaint or parts of it through reliance on evidence attached to the pleadings. *Hodge v. Engleman*, 90 F.4th 840, 844-45 (5th Cir. 2024). The district court need only provide the non-moving party ten days in which to submit its own evidence to try to create a fact dispute. *Id.* at 845 (collecting cases).

Both the Supreme Court and the Fifth Circuit have held that summary judgment is appropriate where all record evidence "blatantly contradict[s]" the plaintiff's allegations. *Craig v. Martin*, 49 F.4th 404, 409 (5th Cir. 2022). In those cases, the district courts are directed to view the facts "in the light depicted by the" evidence. *See id.* (quoting *Scott v. Harris*, 550 U.S. 372, 380-81 (2007); *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 290-91 (5th Cir. 2004) (holding the same with documentary evidence).

Plaintiffs allege that Plaintiff Ramirez's lawyer at Meneses Law was Defendant Robertson. (Doc. 10 at ¶ 108). Here, Barrera Ramirez has signed an affidavit holding that Meneses Law's immigration filings on her behalf are accurate and that she has never given authorization for her name to be used in this lawsuit as a plaintiff. (Doc. 14 at Ex. A at ¶ 10) ("I was contacted by Betzold Law and Avanti Law Group asking whether I would like to be a part of a lawsuit. *I declined any participation in a lawsuit*") (emphasis added). She also stated that she has "never and [is] not accusing Meneses Law, PLLC, of committing fraud, misrepresenting the facts in my VAWA (I-360) declaration submitted to USCIS, or committing any fraudulent conduct." (Doc. 14 at Ex. A at ¶ 11).

Barrera Ramirez also disavowed the claims in the Amended Complaint entirely. (Doc. 14 at

Ex. A at ¶¶ 11-12). Thus, this Court should grant summary judgment and dismiss Barrera Ramírez's claims.

## VI. CONCLUSION

For these reasons, Defendants respectfully request that the Court grant this Motion and dismiss Counts II and IV with prejudice under Rule 12(b)(6), strike and dismiss all class action allegations under Rules 12(f) and 23(d)(1)(D) and treat Count I as a professional negligence claim against the attorney Defendants. This Court should also grant the motion for summary judgment as to all of Barrera Ramírez's claims. Defendants also respectfully request that the Court require Plaintiffs to replead Count I in light of the requested relief so that the Attorney Defendants may answer or otherwise respond to a repleaded and shorter claim.

Respectfully submitted,

OBERTI SULLIVAN LLP

By: ______________________

Edwin Sullivan
State Bar No. 24003024
S.D. Texas No. 24524
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile
mark@osattorneys.com – Email
ed@osattorneys.com – Email

ATTORNEY-IN-CHARGE FOR DEFENDANTS ROBERT VICTOR TORREY, RACHEL VICTORIA ROBERTSON, ROSEKATE AMARACHI IBE, DONALD WAYNE JENKINS, PERPETUA SOCORRO SALVATUS-GUERRERO, AND DIANA ALFONSO

OF COUNSEL:

OBERTI SULLIVAN LLP
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile

ATTORNEYS FOR DEFENDANTS ROBERT VICTOR TORREY, RACHEL VICTORIA ROBERTSON, ROSEKATE AMARACHI IBE, DONALD WAYNE JENKINS, PERPETUA SOCORRO SALVATUS-GUERRERO, AND DIANA ALFONSO

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon the counsel of record listed below via CM/ECF on the 17th day of August 2026.

Edwin Sullivan