**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| REYNA ANGELES ACOSTA et al | § | Cause No. 4:26-cv-03930 |
| v. | § | |
| | § | Jury Trial Demanded |
| MENESES LAW, PLLC et al | § | |

**MENESES DEFENDANTS' MOTION TO SUPPLEMENT
SUMMARY JUDGMENT RECORD**

Defendants' Meneses Law, PLLC, Frances Christine Meneses, and Julio Meneses (the "Meneses Defendants") file this Motion to Supplement the Summary Judgment Record to include the Spanish version of Exhibit 1 and evidentiary submissions rebutting claims of inauthenticity inadvertently left off their original Motion for Summary Judgment as to Plaintiff Irma Leticia Barrera Ramírez (Dkt. 14). The Meneses Defendants seek the supplementation of the record with the following evidence:

| Exhibit | Description |
|---|---|
| Ex. 3 | Declaration of Todd Henson |
| Ex. 4 | July 24, 2026 Affidavit of Irma Leticia Barrera Ramirez (In English and Spanish) |

**<u>ANALYSIS</u>**

"Courts have consistently allowed parties to refile or amend motions *and supporting documents* as a valid exercise of their discretion in case management." *United States v. Filson*, 347 F. App'x 987, 991 (5th Cir. 2009). This is especially true where the motion to supplement a summary judgment record precedes the deadline in any scheduling order or the time set out in

Federal Rule of Civil Procedure 56(b). *See Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) (holding that any objection to any alleged defects in affidavit should be remedied by moving to supplement).

In other circumstances, the Fifth Circuit has applied a four-factor balancing test to allow amendment of a summary judgment record:

1. The moving party's reasons for not originally submitting the evidence;
2. The importance of the omitted evidence to the moving party's case;
3. Whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and
4. The likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

*See Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003).

All four are satisfied here.

**A. Good cause exists for the delay in submitting the supplemental evidence.**

Courts have found good cause where an inadvertent oversight, like failure to notarize or a failure to include statutory penalty-of-perjury language required by 28 U.S.C. § 1647, necessitated the motion for supplementation. *See Elwakin v. Target Media Ptrs. Operating Co.*, 901 F. Supp. 2d 730, 738-39 (E.D. La. 2012) (collecting cases where "Fifth Circuit courts have permitted refiling of affidavits" or supplementing the record to remedy any authentication concerns raised).

Even though Plaintiffs did not object to the Ramirez declaration, the Meneses Defendants move to tender declarations which remedy any alleged procedural faults or allegations of inauthenticity. The identified evidence was left either inadvertently left off the initial motion or is submitted only to rectify any issues with authentication that may exist. This is good cause meriting the granting of this motion. *See Elwakin*, 901 F. Supp. 2d at 738-39. Here, this request to supplement the summary judgment record falls well short of any scheduling deadline and only serves the purpose of streamlining the issues and claims from parties that can or desire to present

triable factual issues. This factor weighs in favor of allowing supplementation.

**B. The importance of the omitted evidence to the case.**

The evidence offered in the motion to supplement is important to the submission of Ms. Ramirez's claims for summary judgment. They confirm that there are material, undisputable facts require summary judgment—she does not maintain or presently allege that Meneses Law defrauded her or the federal government. This element weighs in favor of allowing supplementation.

**C. Whether the evidence was previously available.**

For this element, the impact is neutral. The complete original Ramirez affidavit in Spanish was previously available but left off the initial Motion inadvertently. The Henson Declaration was not available at the time of initial Motion and is offered to remedy any procedural objections as to the original affidavit was signed and procured.

**D. Likelihood of unfair prejudice to the non-moving party if the evidence is accepted.**

Plaintiffs face no prejudice from the supplementation of the summary judgment record and should be provided an opportunity to respond to the supplemental evidence if they desire to do so. The Meneses Defendants propose a timeline for response which adheres to the typical timeline to respond to summary judgment evidence under the Local Rules and Federal Rules of Civil Procedure. This element also weighs in favor of supplementation.

## CONCLUSION

This Court should grant the Meneses Defendants' motion to supplement the record and order the responsive briefing timeline offered in the attached Proposed Order.

Dated: September 3, 2026

Respectfully submitted,

**AHMAD, ZAVITSANOS & MENSING, PLLC**

*/s/ Joseph Y. Ahmad*

Joseph Y. Ahmad
State Bar No. 00941100
joeahmad@azalaw.com
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

**ATTORNEY-IN-CHARGE FOR DEFENDANTS' MENESES LAW, PLLC, MENESES ENTERPRISES, LLC, FRANCES CHRISTINE MENESES AND JULIO MENESES**

*Of Counsel:*

Edward B. Goolsby
State Bar No. 24092436
egoolsby@azalaw.com
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

**CERTIFICATE OF SERVICE**

I certify that on September 3, 2026, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system with notice being sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

*/s/ Joseph Y. Ahmad*
Joseph Y. Ahmad

**CERTIFICATE OF CONFERENCE**

I certify that counsel for the parties conferred on September 3, 2026, and counsel for Plaintiffs indicated that they were opposed to this motion.

*/s/ Joseph Y. Ahmad*
Joseph Y. Ahmad